UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT


(Appeal from S.D. Ind. No. 1:25-cv-02031-SEB-KMB)

No. 25-_____

PHILIP S OKEY,     U.S.C.A. — 7th Circuit
                   RECEIVED

Plaintiff,         DEC 0 1 2025

v.

INDIANAPOLIS METROPOLITAN DEVELOPMENT COMMISSION;
CONSOLIDATED CITY OF INDIANAPOLIS;
MARK SIMION / TRADE MARK CUSTOM HOMES;
JOHN DOES 1-3 (Indianapolis / Marion County Officials),
Defendants.


EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

Fed. R. App. P. 8(a)(2) & 28 U.S.C. § 1292(a)(1)

Appeal from U.S. District Court, S.D. Ind.

Hon. Sarah Evans Barker

RELIEF REQUESTED

Immediate injunction staying all current and future state

or administrative enforcement proceedings against Appellant

or the property at 6220 E. Southport Rd., including but not

limited to Cause No. 49D33-2505-OV-016587 and DBNS VIO25-008234.

I. Likelihood of Success on the Merits

The district court committed two independently reversible errors:

Applying Younger abstention without addressing the bad-faith/harassment exception (Mitchum v. Foster, 407 U.S. 225 (1972); Mulholland v. Marion Cnty. Election Bd., 746 F.3d 811 (7th Cir. 2014); Ewell v. Toney, 853 F.3d 911 (7th Cir. 2017)).

Finding "no likelihood of success" on a fully pleaded retaliation/Monell claim (Geinosky v. City of Chicago, 675 F.3d 743 (7th Cir. 2012); Van Dyke v. Village of Alsip, 974 F.3d 758 (7th Cir. 2020)).

II. Irreparable Harm – Immediate and Catastrophic

Execution of any pending or threatened order will destroy the remaining $1,000,000+ in capital assets, equipment,

materials, and inventory stored beyond the swamp.

Specific harms that have occurred after the TRO denial:

November 17, 2025: third-party customer filed $85,000 lawsuit (Exhibit A)

Late October 2025: Simion removed three permanent fence panels, creating unfettered rear-yard access (Exhibit B)

September 25, 2025: DBNS opened a new, parallel enforcement action (VIO25-008234) for conditions already adjudicated and remedied under the prior Sandifur-M order. Among the items DBNS now demands be removed is equipment labeled "Hydraulic Oil Purifier."

Only three people on earth ever knew this unit had been converted into a portable steam-distillation unit: Plaintiff and two of his associates. None of them told anyone at HHC or DBNS.

The only plausible source of this non-public information is former HHC officer Joseph Tobin, who personally directed the February 20, 2025 seizure, learned the conversion directly from Plaintiff on site, and abruptly left HHC

employment at or around the exact time the new DBNS case was opened.

This is direct evidence of ongoing inter-agency coordination, information-sharing, and successive punitive enforcement designed to evade federal oversight. (Exhibit C)

Magistrate Travis Sandifur-M issued the original emergency clean & lien order and personally presided over the November 18, 2025 "bench trial" confirming his own order (Exhibit D).


III. Balance of Equities and Public Interest

Defendants face zero harm from a brief stay. The public interest demands an immediate stop to proven municipal retaliation and private-party coordination aimed at the total destruction of a citizen's livelihood.

IV. Relief Requested

Immediate injunction staying all current and future enforcement proceedings against Appellant or the property

pending appeal, or an administrative stay until the full

panel rules.

Respectfully submitted November 24, 2025



Philip Scott Okey, pro se

6220 E. Southport Rd.

Indianapolis, IN 46237

317-719-6220 | psokey@gmail.com


Certificate of Service - served via email this date on all

counsel and the Clerk of Marion Superior Court.

Attachments

Exhibit A - $85,000 third-party lawsuit

Exhibit B - Fence-removal photos + Rule 15(d) notice

Exhibit C - DBNS Violation Notice VIO25-008234 (Sept 25,

2025)

Exhibit D - Marion Superior CCS showing Magistrate Travis

Sandifur-M

*A-1*

*EXHIBIT "A" 7 PAGES*

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Indiana
## INDIANAPOLIS DIVISION

**FILED**

NOV 1 9 2025

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

*CCG*

|  |  |
|---|---|
| **PHILIP S OKEY** | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
| | ) |
| **INDIANAPOLIS METROPOLITAN DEVELOPMENT COMMISSION;** | ) |
| **CONSOLIDATED CITY OF INDIANAPOLIS;** | ) |
| **MARK SIMION / TRADE MARK CUSTOM HOMES;** | ) |
| **JOHN DOES 1-3 (Indianapolis / Marion County Officials),** | ) |
| Defendants. | ) |

**Case No.: 1:25-cv-02031-SEB-KMB**

**NOTICE OF SUPPLEMENTAL FACTS PURSUANT TO RULE 15(d) AND ONGOING IRREPARABLE HARM**
**(In Support of Pending Appeal and Any Future Injunctive Relief)**

Pursuant to Fed. R. Civ. P. 15(d), Plaintiff gives notice of the following material facts that have occurred **after** the filing of the First Amended Complaint and the Motion for Temporary Restraining Order:

1. On **November 17, 2025**, a third-party customer filed an **$85,000+ lawsuit** against Plaintiff in Marion Superior Court (Cause No. 1:25-cv-02031-SEB-KMB arising directly from the February 20, 2025 seizure of customer-owned equipment executed by HHC and enabled by MDC's selective non-enforcement against Defendant Simion. **Exhibit A –** file-stamped complaint (attached).

2. This is the **first of what will become a cascade** of third-party lawsuits if any additional customer property is seized or destroyed from the rear of 6220 E. Southport Road.

3. These events confirm the **ongoing and escalating irreparable harm** alleged in the First Amended Complaint and render the November 17, 2025 denial of injunctive relief clearly erroneous.

A-2

Plaintiff respectfully requests the Court take judicial notice of these facts in connection with the pending appeal to the Seventh Circuit and any future motion for injunctive relief.

Dated: November 19, 2025

Philip Okey, Pro Se
317-719-6220

CERTIFICATE OF SERVICE - SERVED VIA EMAIL this date ON ALL COUNSEL OF RECORD

rfloyd@hooverhallturner.com
CHDAVIS@HHCORP.ORG
MWERWEIN@hhcorp.ORG
jahlbrand@hhcorp.ORG
DLAW@hhcorp.ORG
Mathew.rayman@indy.gov
sterling.satterfield@indy.gov

A-3

# IN THE MARION SUPERIOR COURT
## MARION COUNTY, INDIANA

THOMAS R. SHIVELEY,
Plaintiff,

v.

PHILIP OKEY,
Defendant.

Case No.: 49D 1 2 2 5 1 1 CT 0 5 4 4 7 7 _____

## SUMMONS

THE STATE OF INDIANA TO DEFENDANT:

PHILIP OKEY (DBA MidAmerica Machine & Tool co)
6220 E. Southport Rd.
Southport, IN 46237

YOU ARE HEREBY NOTIFIED that you have been sued by the Plaintiff, THOMAS SHIVELEY, in the Court identified above.

The nature of the suit is a civil action for damages in the amount of $85,000, plus consequential damages, interest, and costs, arising from the loss and destruction of Plaintiff's QED Systems EZ-Stacker air scrubber while in your care, custody, and control.

A copy of the Complaint is attached.

YOU MUST RESPOND to the Complaint within TWENTY (20) DAYS after the last notice of this action is published or served, excluding the day of service. If served by sheriff or certified mail, the 20-day period begins the day after you receive this Summons.

YOUR RESPONSE must be:

In writing;
Filed with the Marion County Clerk, City-County Building, 200 E. Washington St., Room T-1221, Indianapolis, IN 46204; AND
Served upon the Plaintiff at:
Thomas R. Shiveley
6160 Broken Arrow Ct.
New Palestine, IN 46163
317-625-3150

A-4

IF YOU FAIL TO RESPOND within the time allowed, judgment by default may be entered against you for the relief demanded in the Complaint.

DEMAND FOR JURY TRIAL has been made.

CLERK'S CERTIFICATION
I hereby certify that the foregoing is a true and complete copy of the Summons issued in this cause.

Dated: _____NOV 1 7 2025_____

/s/ _____

Clerk, Marion Superior Court
By: _____ Deputy Clerk

(SEAL OF THE COURT)

*A-5*

**IN THE MARION SUPERIOR COURT**
**MARION COUNTY, INDIANA**

**FILED**

㉕ NOV 17 2025

*Katherine Sweeney Bell*

CLERK OF THE MARION CIRCUIT COURT

**THOMAS R. SHIVELEY,**
Plaintiff,

v.

**PHILIP OKEY,**
Defendant.

Case No.: 49D 1 2 2 5 1 1 CT 0 5 4 4 7 7

**COMPLAINT FOR DAMAGES**
**(Breach of Bailment, Negligence, and Conversion)**

Comes now the Plaintiff, **Thomas Shiveley**, pro se, and for his Complaint against Defendant **Philip Okey**, states as follows:

## PARTIES

1. Plaintiff Thomas Shiveley is an individual residing in Hancock County, Indiana.
2. Defendant Philip Okey is an individual doing business (DBA MidAmerica Machine & Tool) in Marion County, Indiana, with a principal place of business or property located at 6220 E. Southport Rd., Southport , IN. 46237.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this civil action pursuant to Ind. Code § 33-29-1-1.5, as the amount in controversy exceeds the small-claims limit.
4. Venue is proper in Marion County pursuant to Indiana Trial Rule 75, as the events giving rise to the claim occurred in Marion County and Defendant maintains property in this county.

## FACTUAL ALLEGATIONS

5. In **June 2023**, Plaintiff delivered to Defendant one (1) **QED Systems EZ-Stacker air scrubber** (the "Equipment"), valued at **$85,000**.

A-6

6.  The Equipment was delivered to Defendant's property for the express purpose of Defendant performing a **complete rebuild and upgrade of the Equipment's control package and instrumentation** in connection with environmental remediation services.

7.  Upon delivery, a **bailment for mutual benefit** was created: Plaintiff entrusted the Equipment to Defendant's care, custody, and control, and Defendant accepted possession with the duty to exercise reasonable care to protect and return the Equipment in good condition upon completion of the agreed work.

8.  Defendant failed to adequately secure, store, or protect the Equipment while in his exclusive possession.

9.  On or about **February 20, 2025**, the **City of Indianapolis**, acting under a cleanup/abatement order, **removed and destroyed** the Equipment from Defendant's property.

10. The destruction of the Equipment was **directly and proximately caused** by Defendant's negligence and breach of his duty as bailee, including but not limited to: a. Failure to store the Equipment in a secure, enclosed, or protected area; b. Failure to notify Plaintiff of any pending municipal action; c. Failure to take reasonable steps to prevent removal or destruction; d. Failure to maintain insurance or otherwise safeguard Plaintiff's property.

11. The Equipment is **critical** to Plaintiff's soil vapor extraction operations and is required **as needed** when output volatile organic compound (VOC) loading exceeds environmental release limits.

12. As a direct result of the Equipment's destruction, Plaintiff has been forced to **rent substitute equipment on an as-needed basis at a rate of $6,200 per week** for each week such rental is required, which continues until replacement equipment can be acquired.

## COUNT I – BREACH OF BAILMENT

13. Plaintiff incorporates paragraphs 1–12.

14. Defendant, as bailee, owed Plaintiff a duty to exercise ordinary care over the bailed property.

15. Defendant breached this duty by failing to protect the Equipment from removal and destruction.

16. As a direct and proximate result, Plaintiff has suffered damages in the amount of **$85,000** (fair market value of the Equipment).

## COUNT II – NEGLIGENCE

17. Plaintiff incorporates paragraphs 1–12.

18. Defendant owed Plaintiff a duty to exercise reasonable care in storing, securing, and safeguarding the Equipment.

19. Defendant breached this duty through the acts and omissions described above.

20. As a direct and proximate result, the Equipment was destroyed, causing Plaintiff damages of **$85,000.**

## COUNT III – CONVERSION

21. Plaintiff incorporates paragraphs 1–12.

22. Defendant exercised unauthorized dominion and control over the Equipment by allowing its removal and destruction in a manner inconsistent with Plaintiff's ownership rights.

23. This conduct constitutes conversion under Indiana law.

24. Plaintiff is entitled to damages in the amount of **$85,000**.

## DAMAGES

25. Plaintiff has suffered the following damages: a. **Loss of Equipment**: $85,000 (fair market value) b. **Consequential Damages**: Rental costs of **$6,200 per week, as needed**, from February 20, 2025, until replacement is obtained (to be proven at trial) c. Pre-judgment interest at the statutory rate of 8% per annum (Ind. Code § 24-4.6-1-101) d. Costs of this action

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Thomas Shively respectfully prays that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant in the amount of **$85,000** for the destroyed Equipment;
2. Award consequential damages for **as-needed equipment rental at $6,200 per week** in an amount to be proven at trial;
3. Award pre-judgment and post-judgment interest at the statutory rate;
4. Award court costs and all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

**Thomas Shiveley, Pro Se**
6160 W. Broken arrow ct.

New Palestine, IN 46163
Date: November 02, 2025

## VERIFICATION

I, Thomas Shively, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**Thomas R. Shiveley**
Date: November 02, 2025

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Indiana
## INDIANAPOLIS DIVISION

**FILED**

NOV 1 9 2025

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

CC

|  |  |
|---|---|
| **PHILIP S OKEY**<br>Plaintiff, | ) |
| v. | ) |
| **INDIANAPOLIS METROPOLITAN DEVELOPMENT COMMISSION;**<br>**CONSOLIDATED CITY OF INDIANAPOLIS;**<br>**MARK SIMION / TRADE MARK CUSTOM HOMES;**<br>**JOHN DOES 1-3 (Indianapolis / Marion County Officials),**<br>Defendants. | )<br>)<br>)<br>)<br>) |

**Case No.: 1:25-cv-02031-SEB-KMB**

NOTICE OF SUPPLEMENTAL FACTS PURSUANT TO FED. R. CIV. P. 15(d)

(Ongoing and Escalating Irreparable Harm – Pre-Planned Removal of Security Fence to Grant City Heavy Equipment Unfettered Access to Remaining Assets)
Pursuant to Fed. R. Civ. P. 15(d), Plaintiff gives notice of the following material facts that occurred after the filing of the First Amended Complaint and the original TRO motion:

In late October / early November 2025 (approximately two weeks before the scheduled November 18, 2025 state-court hearing), Defendant Mark Simion (or persons acting at his direction) removed three sections of six-foot privacy/security fence, including concrete footings, from the boundary between Simion's property and the public cul-de-sac on the west side of 6220 E. Southport Road.
Exhibits A-1 and A-2(attached).
This removal creates a wide, unimpeded corridor from the public street directly onto Simion's back lot and then straight into the rear portion of Plaintiff's property, granting HHC/DBNS trucks and heavy equipment unfettered access to the area where the remaining capital assets, equipment, materials, and inventory of a are stored.
Execution of the clean-&-lien order via this newly created access route will not merely leave Plaintiff bankrupt and approximately $100,000 in debt from the February 20, 2025 seizure and destruction of the QED air scrubber; it will render Plaintiff absolutely destitute, stripping him of the last tools,

B-2

materials, and inventory needed to generate future substantive income or to design and build replacement equipment for the misappropriated QED unit.

This pre-planned physical alteration, coordinated in direct anticipation of the November 18, 2025 hearing, constitutes continuing retaliatory conduct and escalates the irreparable harm that has occurred after this Court's November 17, 2025 denial of injunctive relief.

Plaintiff respectfully requests the Court take judicial notice of these facts in connection with the pending appeal to the Seventh Circuit (Notice of Appeal filed November 18, 2025) and any renewed motion for injunctive relief.

Dated: November 19, 2025

Philip Scott Okey, Pro Se
317-719-6220 | psokey@gmail.com
Certificate of Service – served via email this date on all counsel of record.

corporationcounsel@indy.gov
dbns@indy.gov
rfloyd@hooverhullturner.com
CHDAVIS@hhcorp.org
MWEHRWEIN@hhcorp.org
jahlbrand@HHCorp.org
DLAW@hhcorp.org
mathew.rayman2@indy.gov
sterling.satterfield@indy.gov





EXHIBIT "16"



**INDIANAPOLIS**
BUSINESS & NEIGHBORHOOD SERVIC

September 16, 2025

Case #: VIO25-008234

PLUMP MONKEY FARM LLC C/O PHILIP S OKEY
6220 E SOUTHPORT RD
INDIANAPOLIS, IN 46237

RE:   6220 E SOUTHPORT RD

Dear PLUMP MONKEY FARM LLC C/O PHILIP S OKEY:

A recent inspection of the above referenced property indicated violation(s) of the Revised Code of Indianapolis and Marion County as follows:

**Section 740 -1005.A.3. Civil Zoning Violation**

**Specific Violation:** The outdoor storage of junk, trash, or debris in any zoning district, the provisions of which do not specifically permit such a use; (Buckets, tarps, indoor furniture, cardboard, scrap wood, scrap metal, televisions, electronics, blankets, laundry baskets, lamps, bottles, loose trash, and other miscellaneous items throughout the property).

**Section 740 -1005.A.4. Civil Zoning Violation**

**Specific Violation:** The outdoor storage of inoperable vehicles in any zoning district, the provisions of which do not specifically permit such a use; (Any motor vehicle, racing vehicle, recreational vehicle, trailer, camper, boat, airplane, bus, truck, or similar vehicle, that cannot be driven, towed or hauled on a city street without being subject to the issuance of a traffic citation by reason of its operating condition or the lack of a valid license plate, or flat tires; or that is otherwise partially dismantled or mechanically inoperable...Trailer with expired plate).

**Section 740 -1005.A.4. Civil Zoning Violation**

**Specific Violation:** The outdoor storage of vehicle parts in any zoning district, the provisions of which do not specifically permit such a use; (Vehicle tires, car seat, vehicle batteries, and other miscellaneous vehicle parts throughout the property).

**Section 740 -1005.A.5. Civil Zoning Violation**

**Specific Violation:** The parking or storage of a commercial vehicle in any zoning district, when the provisions of which do not specifically permit such a use; (Vehicle, regardless of weight, used or designed to be used as a forklift).

**Section 740 -1005.A.7. Civil Zoning Violation**

**Specific Violation:** The conduct of any activity in a zoning district, not specifically enumerated as a permitted primary or accessory use in that zoning district; (Table 743-1: - A salvage yard/junk yard is not a permitted use in a D-1 zoning district).

**Section 740 -1005.A.7. Civil Zoning Violation**

**Specific Violation:** The conduct of any activity in a zoning district, not specifically enumerated as a permitted primary or accessory use in that zoning district; (Table 743-1: - Outdoor storage and operations is not a permitted accessory use in a D-1 zoning district...Sink, windows, appliances, shingles, engine hoist, air compressor, surface grinder, mirrors, plywood, lumber, toolboxes, pipes, lawnmowers, industrial liquid containers, lawnmower parts, farm equipment, electrical boxes, nozzle systems, culvert, dollies, wellhead cover, merchandise cage, fire extinguishers, vehicle jacks, portable steam distillation unit, construction materials).

VIO25-008234
09/16/2025

**Section 740 -1005.A.7. Civil Zoning Violation**

**Specific Violation:** The conduct of any activity in a zoning district, not specifically enumerated as a permitted primary or accessory use in that zoning district; ( Table 743-1: - Storage of a commercial dumpster is not a permitted accessory use in a D-1 zoning district).

**Section 740 -1005.A.8. Civil Zoning Violation**

**Specific Violation:** Failure to comply with use-specific standards and zoning district development standards for the D-1 district; (743-306.AA.2. - No more than 2 recreational vehicles shall be permitted to be parked outside in a D-1 zoning district).

The City of Indianapolis requests your cooperation in correcting the violation(s). If the violation(s) have not been abated before October 16, 2025, this will result in further enforcement action, which could include:

1.) Issuance of a citation for each violation (Section 103-3) and / or

2.) Assessment of an administrative fee in the amount of two hundred fifteen dollars ($215.00) for each scheduled visit to the property and the violation is not abated (Section 536-609) and / or

3.) Lawsuit with fines up to $2,500 for each violation plus court costs (Section 103-3)

**\* If you are the property owner and have leased / rented the property noted above, please notify the undersigned immediately with tenant information.**

To further research the Marion County code section mentioned above, please visit www.municode.com.

If you have any questions, please contact me at the number listed below.

Sincerely,

Basil Doll
Zoning & Licensing   Inspector
463-217-1413
Basil.Doll@indy.gov

Department of Business & Neighborhood Services
200 E. Washington Street, Suite 107 | Indianapolis, IN 46204 | Phone: (317) 327-8700 | www.indy.gov/bns
Fax Numbers: Building - 327-8475 | Business Licensing - 327-0517 | Contractor Licensing - 327-8401
Crafts - 327-5397 | Infrastructure/Right - of - Way - 327-3125 | Permits - 327-5174 | Zoning - 327-8696

2

STATE OF INDIANA    )       IN THE SUPERIOR COURT OF
                        )SS:    MARION COUNTY, CIVIL COURT D33
COUNTY OF MARION   )       CAUSE NO. 49D33-2505-OV-016587

HEALTH AND HOSPITAL CORPORATION    )
OF MARION COUNTY, INDIANA,           )
PUBLIC HEALTH DIVISION,            )
      Plaintiff,                   )
                                 )
      v.                         )
                                 )
PLUMB MONKEY FARM, LLC,          )
      Defendant.                 )

**F I L E D**

November 20, 2025

CLERK OF THE COURT
MARION COUNTY
KW

## BENCH TRIAL ORDER

The Court, by the Honorable Travis Sandifur, Magistrate, having held a Bench Trial on this cause on November 18, 2025, now enters the following order:

1. Plaintiff appears by counsel, Deborah Law; Defendant fails to appear.

2. The Court finds in favor of Plaintiff, that the property located at 6220 E. Southport Rd., Marion County, Indiana is not in compliance with Chapter 10 of the Health Code. The Court finds that Defendant is the owner of the property. The Court further finds that Plaintiff has proven the following Counts by a preponderance of the evidence:

   a. Count I: The property is not maintained in a clean, safe, sanitary manner that is fit for human occupancy; or the owner of an occupied property, unoccupied property, or vacant lot has not cut and disposed of weeds in a clean and sanitary manner; provided solid waste storage containers for garbage and rubbish; or maintained the premises in a clean and safe condition or disposed of rubbish, garbage, waste tires, or junk vehicles in a clean, safe, and sanitary manner, in violation of Ordinance 10-301 of The Code.

   b. Count II: The property is not maintained in a manner that is free from conditions that may cause or produce a health or safety hazard, or one or more of the following: a lack of ingress and egress into the property or between rooms; the property is causing conditions

1

in which vectors have food, shelter or a breeding place; or useable items are not being stored in a safe manner, at least eighteen (18) inches above the ground; or an appliance is causing or producing a health or safety hazard, in violation of Ordinance 10-303 of The Code.

3. The Court **ORDERS** Defendant to bring the property into compliance by removing the large rubbish and junk ^and ^TGS scattered rubbish, ~~all outside storage, trash and debris, and the~~ ^TGS ~~temporary/makeshift structures~~ from the property on or before **January 20, 2026**.

4. The Court **ORDERS** an inspection of the exterior of the property located at 6220 E Southport Rd., Marion County, Indiana, on January 12, 2026, at 11 a.m. Plaintiff is authorized to enter all areas of the exterior, including any fenced-in portions of the property and to take photos to depict the conditions of the property. Plaintiff is to use the assistance of Marion County Sheriff's Office, Indianapolis Metropolitan Police Department, and/or Animal Care Services, using any and all force reasonable and necessary. The inspection is limited to determining the presence of large rubbish and junk and scattered rubbish. ^TGS

5. The Court **ORDERS** Defendant to appear in court, located at 675 Justice Way, Indianapolis, IN 46203, on **January 20, 2026**, at 9:00 o'clock a.m. to demonstrate compliance with this order.

Date: _____11/20/2025_____         _____

Judicial Officer
Marion Superior Court D33

Distribution:  ALL PARTIES